Robert V. SWEETALL, et al.

v.

TOWN OF BLUE HILL.

Supreme Judicial Court of Maine.

Argued May 2, 1995.

Decided July 3, 1995.

Joel A. Dearborn (orally), Ferris, Dearborn & Willey, Brewer, for plaintiffs.

James E. Patterson (orally), Patterson Law Office, Ellsworth, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Robert V. and Blanche M. Sweetall appeal from the judgments entered in the Superior Court (Hancock County, *Browne, A.R.J. & Kravchuk, J.*) in favor of the Town of Blue Hill, the Board of Selectmen, and its Code Enforcement Officer, defendants in three separate actions brought by the Sweetalls. The Sweetalls appeal from the court's refusal to declare null and void actions taken at a special town meeting, the court's denial of a temporary restraining order to prohibit the Town from holding that meeting, and the court's dismissal of their original administrative appeal because of mootness. Finding no error, we affirm the judgments.

The Sweetalls initiated the first court action involved in this appeal (CV–92–38) in 1992, when, pursuant to M.R.Civ.P. 80B, they appealed from the Blue Hill Board of Appeals affirmance of a Planning Board decision that it had no jurisdiction to interfere in the construction of a road or driveway near the Sweetalls' property. The Sweetalls relied on the 1989 Blue Hill "Revised Site Plan and Subdivision Ordinance" in opposing the construction of the roadway, and later became involved against efforts to repeal that ordinance. The Sweetalls wanted the decision on the repeal of the 1989 ordinance to be by referendum vote, not by vote at a town meeting. The Superior Court decision (*Kravchuk, J.*) succinctly summarizes the actions that followed:

On July 24, 1992, Mr. Sweetall presented the Blue Hill Selectmen with a petition, signed by 177 voters, which contained two referendum questions relating to that ordinance. The petition was signed by duly qualified voters of the Town of Blue Hill in a number greater than 10% of the votes cast in the town in the prior gubernatorial elections and thus was in compliance with 30–A M.R.S.A. Sec. 2528(5).

The referendum questions sought to have the voters determine whether the 1989 ordinance should be repealed or revised prior to the March, 1993, next annual town meeting, when a secret ballot referendum would be held. The second referendum question sought to insure that the ordinance could be revised or repealed by secret ballot.

The Selectmen of the Town of Blue Hill called a special town meeting for October 30, 1992, and placed an article on the warrant to repeal the 1989 ordinance. On October 15, 1992, the Plaintiffs filed with [the Superior Court] CV–92–162 wherein they sought to enjoin the Town from considering repeal of the 1989 amendment prior to holding the referendum vote pursuant to their petition. The Plaintiffs' request for a Temporary Restraining Order was denied [by the Superior Court (*Browne, A.R.J.*)] and the meeting was held as scheduled on October 30, 1992.

The October 30th special Town meeting warrant did not contain the articles requested by the petition. However, the minutes of the meeting reflect that the 1989 ordinance was repealed by written vote pursuant to Article 6 of the warrant. The Town of Blue Hill next participated in the November, 1992, State and Federal elections, using a secret ballot electronic voting system. Although various State referendum issues were on the November ballot, the Town did not place the articles in Plaintiffs' referendum on any ballot.

On November 20, 1992 following the October Town Meeting and the November elections, the Plaintiffs filed CV–92–184, an action seeking relief pursuant to Rule 80B, Me. Rules of Civil Procedure, and for declaratory judgment wherein the [plaintiffs]

sought to have the actions of the October 30th Town Meeting declared void.

The Selectmen of the Town of Blue Hill did not put the articles in the Petition on a referendum until the annual Town meeting in March, 1993. At that time a majority of voters voted "YES" to the question of whether the 1989 ordinance should be repealed prior to the 1993 annual meeting and "NO" to the question of whether the 1989 ordinance could be repealed only by secret ballot, as opposed to written ballot immediately following public discussion at a Town Meeting. The vote essentially ratified the action taken at the October 30th Town Meeting wherein the 1989 ordinance had been repealed by written ballot.

The Superior Court denied the Sweetalls' motion for a trial on the facts pursuant to M.R.Civ.P. 80B(d) because it found that the parties' stipulations presented an adequate factual record. The court held that the town meeting in Blue Hill on October 30, 1992, at which the 1989 ordinance was repealed, and the action on the Sweetalls' petition at the March 1993 town meeting, did not violate the Sweetalls' constitutional or statutory rights. The court dismissed for mootness the Sweetalls' first action, CV–92–38, the original Rule 80B appeal from the 1992 decision of the Blue Hill Board of Appeals; and it found that because the ordinance in question was validly repealed by the voters of Blue Hill, there was no reason to interpret the prior provisions of the ordinance as requested by the Sweetalls, and no need to remand to the Board of Appeals for written findings of fact. This appeal followed.

### I.

The Sweetalls contend that the selectmen violated the provisions of 30–A M.R.S.A. § 2528(5) (Pamph.1994) governing the direct initiative and referendum process, and their constitutional right to vote. They also contend that the selectmen should have requested the Secretary of State, pursuant to 21–A M.R.S.A. § 604–A (1993), to include the articles in the petition on the ballots in the November 1992 federal and state election. They also argue that by calling for a special town meeting on October 30, 1992 to consider

measures competing with the measures proposed by the plaintiffs, the selectmen circumvented the initiative and referendum process provided for in Maine's Constitution and in section 2528(5).

∎ 30–A M.R.S.A. § 2528 governs how a town votes on municipal referenda elections. Section 2528(5) reads in pertinent part:

> 5. **Referenda questions.** By order of the municipal officers or on the written petition of a number of voters equal to at least 10% of the number of votes cast in the town at the last gubernatorial election, but in no case less than 10, *the municipal officers shall have a particular article placed on the next ballot printed or shall call a special town meeting for its consideration.*

(Emphasis added.) Section 2528(5) places discretion in the municipal officers as to whether an initiated question be placed on a printed ballot, or dealt with at a special town meeting. Common sense dictates that the "next ballot printed" be construed to mean the next municipal ballot. Although municipal officers may request that the Secretary of State print a municipal referendum question on the state ballot, the Secretary has discretion whether to include it. *See* 21–A M.R.S.A. § 604–A ("[T]he Secretary of State may make suitable arrangement for the printing of candidate, referendum and municipal election ballots on a single paper ballot or ballot card used in conjunction with electronic voting systems ... [and] may only allow such a combination if he finds that it is in the interest of the election process and that it will not contribute to voter confusion or unreasonable administrative difficulties.") Accordingly, the municipal officers acted within their discretion in declining to request that the referendum questions be placed on the state ballot.

∎ In addition, we discern no merit in the Sweetalls' contention that the Maine Constitution mandates that the Town's warrant concerning the repeal of the 1989 subdivision ordinance be voted on at the same time as the competing petition articles concerning the same subject matter. The Maine

constitutional provision relied on by the Sweetalls, Me. Const. art. 4, pt. 3, § 18 (Supp.1994), governs only petitions to the Maine Legislature, not petitions at the municipal level. Section 18(2) provides that "[t]he measure thus proposed, unless enacted without change by the Legislature at the session at which it is presented, shall be submitted to the electors together with any amended form, substitute, or recommendation of the Legislature, and in such manner that the people can choose between the competing measures or reject both." The Sweetalls offer no logical basis for their assertion that the same provision on competing measures applies to the initiative and referendum process applicable to the Town. Me. Const. art. 4, pt. 3. § 21 provides that a city may establish the direct initiative for electors in regard to municipal affairs, and that the Legislature may provide a uniform method for the exercise of the initiative and referendum in municipal affairs. It contains no competing measures requirement. Nor does 30–A M.R.S.A. § 2528(5) contain such a measure.

 No constitutional or statutory provision explicitly prohibits the selectmen from scheduling a special town meeting to review the land use ordinance before scheduling a secret ballot on the articles in the Sweetalls' petition, and we will not infer such a prohibition. *See Bird v. Town of Old Orchard Beach*, 426 A.2d 370, 374 (Me.1981) (upholding right of town council to authorize a bond issue when nearly identical bond issue was previously disapproved by the town's voters at a referendum because no constitutional, statutory, or charter provision explicitly prohibited such action). Although the actions of the selectmen may have been politically motivated, we are reluctant to limit the discretion of the municipal officers in the absence of any statutory language doing so. Although there is a difference between the method of voting by ballot at a town meeting and voting by printed ballot in a referendum, there is nothing in the record to indicate that either the vote taken at the October special town meeting or the referendum vote was not free and fair. The Sweetalls were free to participate in the town meeting and to campaign for the referendum. Because no statutory or constitutional right was infringed by the selectmen's actions, the court did not abuse its discretion nor err in denying the Sweetalls' request for a temporary restraining order, or in finding for the Town on the Sweetalls' action to declare the October 1992 town meeting null and void. Moreover, because the court concluded that there was an adequate factual record, there was no error in refusing to grant the Sweetalls a trial on the facts.

## II.

Finally, the Sweetalls contend that if we conclude that the actions taken at the October 1992 special town meeting to repeal the 1989 ordinance are null and void, then the 1989 ordinance remains in place, and therefore, the Superior Court erred in dismissing their first complaint, which was brought over that ordinance's proper interpretation. They concede, however, that if the special town meeting properly repealed the 1989 ordinance, the Rule 80B appeal is moot. Because we have so concluded, the court properly dismissed the administrative appeal as moot.

The entry is:

Judgments affirmed.

All concurring.